

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POUCHON FRANCIQUE,<br><br>                                        Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden,<br><br>                                        Respondent. | Case No.:  26-cv-2304-RSH-JLB<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

On April 15, 2026, petitioner Pouchon Francique filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts (the "Habeas Rules") requires summary dismissal of a federal habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas

1

proceedings); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition).

Petitioner argues that his detention pending removal proceedings has become unduly prolonged. ECF No. 1 at 6. Petitioner mentions that the Court previously issued a writ of habeas corpus directing that he receive a bond hearing, but that he was denied bond. *Id.* at 9. The docket in Case No. 26-cv-1126 reflects that the Court ordered such a bond hearing on March 12, 2026, Dkt. No. 6; and the government thereafter reported that Petitioner received a bond hearing before an immigration judge on March 17, 2026, but that the immigration judge denied bond after finding Petitioner to be a flight risk, Dkt. No. 7.

The Petition does not set forth a legal basis for ordering Petitioner's requested remedy of immediate release. ECF No. 1 at 8. Petitioner's allegations do not establish that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the Petition is **DISMISSED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: April 16, 2026

_____
Hon. Robert S. Huie
United States District Judge

2

26-cv-2304-RSH-JLB